UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                       )
UNITED STATES OF AMERICA               )
                                       )
     v.                                )    C.A. No. 16-445 WES
                                       )
JOSEPH CARAMADRE,                      )
                                       )
          Defendant,                   )
                                       )
     and                               )
                                       )
AMERITAS LIFE INSURANCE                )
CORPORATION,                           )
                                       )
          Garnishee.                   )
_____ )


### MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

     In February 2014, the Court ordered Defendant Joseph
Caramadre ("Mr. Caramadre") to pay $46,330,077.61 in restitution
as part of his criminal sentence.  See Amended Judgment, ECF No.
247, Cr. No. 11-186.  Pursuant to 28 U.S.C. § 3205(b)(1), the
government filed this action seeking a garnishment order against
$8,533.33 in disability income benefits owed to Mr. Caramadre
presently in the possession of Ameritas Life Insurance, Corp.
(the "Ameritas Property").  See Application for Writ of
Garnishment, ECF No. 1.  Before the Court is the government's
Motion for Final Garnishment Order ("Gov't Mot."), ECF No. 10.
Intervenor Paula Caramadre ("Ms. Caramadre"), Mr. Caramadre's

ex-wife, opposes the Government's Motion.  See Intervenor[] Paula Caramadre's Resp. in Opp'n to Gov't's Mot. for Final Garnishment Order ("Ms. Caramadre Opp'n"), ECF No. 11.  For the reasons set forth below, the Court GRANTS the Government's Motion for Final Garnishment Order.

At a hearing on September 28, 2017, on this and other garnishment actions concerning Mr. Caramadre, the Court ruled that the Ameritas Property does not fall within any statutory exemptions, and thus is subject to garnishment.[1]  The only outstanding issue is Ms. Caramadre's competing claim to the property.  See generally Ms. Caramadre Opp'n.

With respect to Ms. Caramadre's claim, to the extent her opposition can be read to argue that her claim to the Ameritas Property has priority over the government's claim because of a 2017 Rhode Island Family Court order awarding her $16,900.00 per month in spousal support, it readily fails.  See United States v. Corso, Criminal Action No. 3:05-CR-00105 (JCH), 2016 WL 3349213, *4 (D. Conn. June 14, 2016) ("None of the exemptions listed in section 6334(a) and cross-referenced by section 3613(a)(1) are for alimony or other family support payments and,

---

[1]  At the September 2017 hearing, Mr. Caramadre argued that the Ameritas Property should be exempt from garnishment because it represents disability payments that he would use to maintain his household.  The Court held that this property did not fall within any of the exemptions set forth in 18 U.S.C. § 3613(a)(1)-(3).

relatedly, there is no provision that exempts orders for child support entered after the date of levy." (citing 26 U.S.C. § 6334(a); 18 U.S.C. § 3613(a)(1))).

Ms. Caramadre next submits that the Court did not properly consider Mr. Caramadre's "obligations to dependents", as required by 18 U.S.C. § 3664, in its restitution order. Ms. Caramadre Opp'n 2-3. The Court rejected this argument when it adopted Magistrate Judge Sullivan's Report and Recommendation in Cont'l Cas. Co. v. Caramadre, No. CV 18-461 WES, 2020 WL 1466244, at *1 (D.R.I. Mar. 26, 2020), and does again here.

For starters, non-parties do not have standing to challenge restitution orders. Rather, only a defendant has a "judicially cognizable interest" in his sentence, of which the restitution order is part. See United States v. Stoerr, 695 F.3d 271, 277-78 (3d Cir. 2012) ("We agree that a non-party lacks standing to appeal a restitution order, because a non-party lacks 'a "judicially cognizable interest"' in a criminal defendant's sentence, and is thus not aggrieved by the defendant's sentence." (quotations and citations omitted)); see also United States v. Grundhoefer, 916 F.2d 788, 791 (2d Cir. 1990) (holding that a trustee representing defrauded creditors was a "[c]ollateral individual[]" without standing to mount a

challenge to defendants' criminal restitution orders that provided an award to other creditors).

Moreover, even if Ms. Caramadre had standing to contest the restitution order, this garnishment action would not be the appropriate vehicle. See United States v. Blondeau, No. 5:09-CR-00117-H, 2011 WL 6000499, at *4 (E.D.N.C. Nov. 1, 2011), report and recommendation adopted, No. 5:09-CR-117-1H, 2011 WL 6001281 (E.D.N.C. Nov. 30, 2011) ("Defendant is essentially making a collateral attack on the restitution order. An objection to garnishment proceeding is not the proper vehicle to attack the Court's Judgment and order of restitution."); see also United States v. Whitt, No. 11-50395, 2011 WL 4062459, at *1 (E.D. Mich. Sept. 13, 2011) ("An attack on a restitution recalculation or obligation by means of an objection to garnishment is an impermissible route to collaterally attack the judgment."); United States v. Minneman, 38 Fed. App'x 321, 323 (7th Cir. 2002) (concluding that a "challenge [in post-judgment garnishment proceeding] to the validity of the underlying restitution order is precluded by res judicata").

The Court entered its restitution order in Mr. Caramadre's criminal case in February 2014, after a three-day evidentiary hearing before Judge Sullivan. See Am. J., ECF No. 247, Cr. No. 11-186. Mr. Caramadre waived his right to appeal, including

from the restitution order.   See United States v. Caramadre, 807 F.3d 359, 377-78 (1st Cir. 2015) (holding that Mr. Caramadre's attempt to challenge the restitution order was barred by the waiver-of-appeal provision contained in his plea agreement). Time to attack that order as ill-considered has long passed, and even if time had not expired, Ms. Caramadre would have no standing to mount the challenge.

For the reasons set forth above, United States' Motion for Final Garnishment Order, ECF No. 10, is GRANTED, over Ms. Caramadre's Opposition.   Accordingly, the Court directs Garnishee Ameritas Life Insurance, Corp. to pay to the United States of America the funds, in an amount not less than $8,533.33, currently held by the Garnishee pursuant to the Writ of Garnishment issued by the Court on August 10, 2016.   The Court further orders Garnishee Ameritas Life Insurance, Corp. to deliver these funds to the Clerk of Court, U.S. District Court for the District of Rhode Island, One Exchange Terrace, Providence, Rhode Island 02903, by check made payable to Clerk, U.S. District Court, and that the Clerk of Court apply the payment to the restitution order entered in Case No. 1:11CR00186-01S.

IT IS SO ORDERED.

_____
William E. Smith
District Judge
Date: July 20, 2020